**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEARNING ENHANCEMENT | ) | Case No. 16-35537 |
| CORPORATION, ET AL. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Honorable Jack B. Schmetterer |
| Debtors.[1] | ) | |
| | ) | |

## NOTICE OF APPLICATION

**PLEASE TAKE NOTICE** that **Monday, November 28, 2016 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Jack B. Schmetterer, or any judge sitting in his stead, in Room 682 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the *Application of the Debtors Pursuant to 11 U.S.C. § 327 for Authority to Employ and Retain Goldstein & McClintock LLLP as Counsel to the Debtors Nunc Pro Tunc to November 7, 2016*, a copy of which is hereby served upon you.

Dated:  November 14, 2016

Respectfully submitted,

**LEARNING ENHANCEMENT
CORPORATION, ET AL.**

By:   /s/ Matthew E. McClintock

Matthew E. McClintock, Esq.
Sean P. Williams, Esq.
**GOLDSTEIN & MCCLINTOCK LLLP**
208 South LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
e-mail: mattm@goldmclaw.com

*Proposed Counsel for the Debtors and
Debtors in Possession*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Learning Enhancement Corporation (8197) and (ii) The BrainWare Company (6181).

# CERTIFICATE OF SERVICE

   I, Matthew E. McClintock, the undersigned attorney, hereby certify that on November 14, 2016, I caused a copy of the *Notice of Application* and *Application of the Debtors Pursuant to 11 U.S.C. § 327 for Authority to Employ and Retain Goldstein & McClintock LLLP as Counsel to the Debtors Nunc Pro Tunc to November 7, 2016* to be filed via the Court's ECF system and served via first class U.S. Mail as indicated below.

                  /s/ Matthew E. McClintock


**Parties Served Via CM/ECF**
Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Matthew E. McClintock on behalf of Debtor 1 Learning Enhancement Corporation
mattm@restructuringshop.com,
teresag@restructuringshop.com;seanw@restructuringshop.com;terryb@goldmclaw.com;harleyg@restructuringshop.com

Sean P Williams on behalf of Debtor 1 Learning Enhancement Corporation
seanw@restructuringshop.com

**Parties Served Via First Class U.S. Mail**

Associated Agencies
1701 Golf Rd.
Suite 3-700
Rolling Meadows, IL 60008

Capital One
Attn: Bankruptcy Dept.
1680 Capital One Dr
Mc Lean, VA 22102

Carponelli & Krug
102 S. Wynstone Park Dr., North
Barrington, IL 60010

David Schick
9850 N. 73rd St., Apt. 3040
Scottsdale, AZ 85258

Dykema Gossett
10 S. Wacker Dr., Suite 230
Chicago, IL 60606

Gail Langer
PO Box 2
Stoneham, ME

Jefferson Adams
656 W. Adams, Suite 600
Chicago, IL 60661

Kirkwood Technologies
922 E. Park Ave.
Charlotte, NC 28203

Ladas & Perry
224 S. Michigan Ave., Ste. 1600
Chicago, IL 60604

Neal, Gerber & Eisenberg
2 North LaSalle St., Ste. 1700
Chicago, IL 60602

Novus IP
521 W. Superior, Ste. 221
Chicago, IL 60654

Robert Marini
7110 W. 127th St.
Chicago, IL 60643

Sara Sawtelle
11987 Bergamot Drive
Granger, IN 46530

The Karlin Law Firm
4305 N. Lincoln Ave., Suite I
Chicago, IL 60618

US Bank
Bankruptcy/Recovery Dept.
PO Box 5229
Cincinnati, OH 45201

Velazquez Law Group
111 N. Wabash, Ste. 2118
Chicago, IL 60602

Access One
820 W. Jackson Blvd., 6th Floor
Chicago, IL 60607

Cisco Webex LLC
3979 Freedom Cir #100
Santa Clara, CA 95054

Inmov8tek
409 Illinois Ave., Ste. 1D
Sugar Grove, IL 60554

Karen Bucccola
8518 Kedvale Ave
Skokie, IL 60076

Megapath
PO Box 120324
Dallas, TX 75312

Pitney Bowes
PO Box 371887
Pittsburgh, PA 15250

SKO Learning
PO Box 1521
Ann Arbor, MI 48106

Terrance Mohoruk
159 York Road
Dundas ON., L9H 1M6
CANADA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEARNING ENHANCEMENT | ) Case No. 16-35537 |
| CORPORATION, ET AL. | ) (Joint Administration Requested) |
| | ) |
| | ) Honorable Jack B. Schmetterer |
| Debtors.[1] | ) |
| | ) |

**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327 FOR AUTHORITY TO EMPLOY AND RETAIN GOLDSTEIN & MCCLINTOCK LLLP AS COUNSEL TO THE DEBTORS NUNC PRO TUNC TO NOVEMBER 7, 2016**

The above-captioned debtors and debtors in possession (the "*Debtors*") in the above-captioned chapter 11 cases (the "*Chapter 11 Cases*"), hereby file their application (the "*Application*") for entry of an order under section 327(a) of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), authorizing them to retain and employ Goldstein & McClintock LLLP ("*G&M*") as their counsel, *nunc pro tunc* to the commencement of the Debtors' bankruptcy cases. In support of this Application, the Debtors have relied upon the *Declaration of Matthew E. McClintock in Support of Application for Order Authorizing the Employment and Retention of Goldstein & McClintock LLLP as Counsel to the Debtors Nunc Pro Tunc to November 7, 2016* (the "*McClintock Declaration*"), a copy of which is attached hereto as <u>Exhibit A</u>. In further support of this Application, the Debtors respectfully state as follows:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Learning Enhancement Corporation (8197) and (ii) The BrainWare Company (6181).

## JURISDICTION

1.  This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue of this proceeding and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.  On November 7, 2016 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Court.

4.  The Debtors are functioning as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed by the Office of the United States Trustee.

5.  A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Roger Stark in Support of First Day Motions and Applications* [Docket No. [__]], filed contemporaneously herewith.

## RELIEF REQUESTED

6.  By this Application, the Debtors respectfully request that the Court enter an order under section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the Debtors to employ and retain G&M as their counsel to perform the legal services that will be necessary during the Chapter 11 Cases, effective as of the Petition Date, November 7, 2016.

## G&M'S QUALIFICATIONS

7.  G&M has extensive experience and knowledge in the fields of corporate reorganization and bankruptcy law and is particularly well qualified for the type of representation

that is required by the Debtors.

## SERVICES TO BE PROVIDED

8. The Debtors contemplate that the legal services to be rendered by G&M may include, but shall not be limited to, the following:

    a.    advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses;

    b.    attending meetings and negotiating with representatives of creditors and other parties in interest;

    c.    taking all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning all litigation in which the Debtors are involved, including objections to claims filed against their estates;

    d.    preparing all motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtors' estates and their Chapter 11 Cases;

    e.    taking any necessary action on behalf of the Debtors to obtain approval of a disclosure statement and confirmation of the Debtors' plan of reorganization;

    f.    representing the Debtors in connection with obtaining use of cash collateral and postpetition financing;

    g.    advising the Debtors in connection with any potential sale of assets;

    h.    appearing before the Court, any appellate courts, and the United States Trustee and protecting the interests of the Debtors' estates before those courts and the United States Trustee; and

    i.    performing all other necessary legal services to the Debtors in connection with the Chapter 11 Cases, including, without limitation, (i) the analysis of the Debtors' leases and executory contracts and the assumption, rejection, or assignment thereof, (ii) the analysis of the validity of liens against the Debtors, and (iii) advice on corporate, litigation, and other matters.

## TERMS OF RETENTION

9. The Debtors request that all legal fees and related costs incurred by the Debtors on

3

account of services rendered by G&M in these Chapter 11 Cases be paid as administrative expenses of the Debtors' estates in accordance with the Bankruptcy Code and applicable orders entered in the Chapter 11 Cases. Subject to the Court's approval, G&M will charge for its legal services on an hourly basis, billed in tenth-of-an-hour increments, in accordance with its hourly rates in effect on the date that such services are rendered. G&M's billing rates for attorneys for the 2016 calendar year range from approximately $195 per hour for associates to $725 per hour for senior professionals. Time devoted by legal assistants and law clerks for the 2016 calendar year is expected to be charged at billing rates ranging from approximately $105 to $225 per hour. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. G&M will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services. G&M intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois.

10. The names, positions, and hourly rates for the 2016 calendar year of the G&M professionals presently expected to be primarily responsible for providing services to the Debtors are Matthew E. McClintock – partner ($435/hour) and Sean P. Williams – associate ($285/hour).[2] In addition, from time to time, it will be necessary for other G&M professionals to provide services to the Debtors.

11. It is G&M's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also G&M's policy to charge its clients only

---

[2] The rates charged by each G&M professional differ based on, among other things, such professional's level of experience and the rates normally charged by similar professionals.

4

the amount actually incurred by G&M in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying and printing, outgoing facsimile transmissions, mileage, meals, and lodging.

12.     The Debtors' secured lender, JZA Holdings, Inc. has agreed to a carve-out (the "*Carve-Out*") in the aggregate amount of $30,000 for all Debtor professionals (the "*Carve-Out*").

## **G&M'S DISINTERESTEDNESS**

13.     The standard for a debtor in possession to employ attorneys as general bankruptcy counsel is set forth in sections 327(a) and 1107 of the Bankruptcy Code, as interpreted by the Seventh Circuit. Those sections provide that a debtor in possession, with the court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estates" and that are "disinterested persons." 11 U.S.C. §§ 327(a), 1107; *see also In re Granite Sheet Metal Works, Inc.*, 159 B.R. 840, 845 (Bankr. S.D. Ill. 1993) ("The debtor in possession's choice of counsel is limited to disinterested persons who do not hold or represent an interest adverse to the estates."). A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estates, by reason of any direct or indirect relationship with the Debtors, or for any other reason. 11 U.S.C. § 101(14)(e). In general, however, subject to the requirements of sections 327(a) and 1107, a debtor in possession is entitled to the counsel of their choosing. *See, e.g.*, *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

14.     Prior to the commencement of these Chapter 11 Cases, G&M received a $17,500 retainer from BrainWare, in two payments of $7,500 (on August 5, 2015) and $10,000 (on October 24, 2016), respectively. The balance of the retainer will be held to be applied for post-petition fees

5

and expenses as approved by the Court.

15. G&M has not previously represented any creditors of the Debtors and does not hold an adverse interest to the Debtors' estates.

16. Consistent with Bankruptcy Rule 2016(b), G&M has not shared or agreed to share (a) any compensation it has received or may receive in connection with these chapter 11 cases with another party or person, other than with the partners, of counsel, associates, contractors, law clerks, and employees associated with G&M or (b) any compensation another person or party has received or may receive in connection with these chapter 11 cases.

17. To the best of the Debtors' knowledge, and except as disclosed in the McClintock Declaration, G&M does not hold or represent any interest adverse to the Debtors' estates. G&M is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), and G&M's employment is necessary and in the best interests of the Debtors and the Debtors' estates.

**NOTICE**

18. Notice of this Application has been served upon: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) those parties listed on the certificate of service; and (c) all parties that filed appearances in this Chapter 11 Cases via CM/ECF. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

Dated:  November 14, 2016

Respectfully submitted,

**LEARNING ENHANCEMENT CORPORATION, ET AL.**

By:    /s/ Matthew E. McClintock

Matthew E. McClintock, Esq.
Sean P. Williams, Esq.
**GOLDSTEIN & MCCLINTOCK LLLP**
208 South LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
e-mail: mattm@goldmclaw.com