**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEARNING ENHANCEMENT CORPORATION, ET AL. | ) ) | Case No. 16-35537 (Joint Administration Requested) |
| | ) | |
| | ) | Honorable Jack B. Schmetterer |
| Debtors.[1] | ) ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that **Monday, November 28, 2016 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Jack B. Schmetterer, or any judge sitting in his stead, in Room 682 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the *Application for Order Authorizing the Debtors to Retain and Employ the Skutch Arlow Group LLC as CRO*, a copy of which is hereby served upon you.

Dated:  November 14, 2016               Respectfully submitted,

**LEARNING ENHANCEMENT
CORPORATION, ET AL.**

By:     /s/ Matthew E. McClintock

Matthew E. McClintock, Esq.
Sean P. Williams, Esq.
**GOLDSTEIN & MCCLINTOCK LLLP**
208 South LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
e-mail: mattm@goldmclaw.com

*Proposed Counsel for the Debtors and Debtors in Possession*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Learning Enhancement Corporation (8197) and (ii) The BrainWare Company (6181).

# CERTIFICATE OF SERVICE

      I, Matthew E. McClintock, the undersigned attorney, hereby certify that on November 14, 2016, I caused a copy of the *Notice of Application* and *Application for Order Authorizing the Debtors to Retain and Employ the Skutch Arlow Group LLC as CRO* to be filed via the Court's ECF system and served via first class U.S. Mail as indicated below.

          /s/ Matthew E. McClintock

**Parties Served Via CM/ECF**
Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Matthew E. McClintock on behalf of Debtor 1 Learning Enhancement Corporation
mattm@restructuringshop.com,
teresag@restructuringshop.com;seanw@restructuringshop.com;terryb@goldmclaw.com;harleyg@restructuringshop.com

Sean P Williams on behalf of Debtor 1 Learning Enhancement Corporation
seanw@restructuringshop.com

**Parties Served Via First Class U.S. Mail**

Associated Agencies
1701 Golf Rd.
Suite 3-700
Rolling Meadows, IL 60008

Capital One
Attn: Bankruptcy Dept.
1680 Capital One Dr
Mc Lean, VA 22102

Carponelli & Krug
102 S. Wynstone Park Dr., North
Barrington, IL 60010
David Schick
9850 N. 73rd St., Apt. 3040
Scottsdale, AZ 85258

Diver Bollman
Grach Quade
111 N County St.
Waukegan, IL 60085

Dykema Gossett
10 S. Wacker Dr., Suite 230
Chicago, IL 60606
Gail Langer
PO Box 2
Stoneham, ME

Jefferson Adams
656 W. Adams, Suite 600
Chicago, IL 60661
Kirkwood Technologies
922 E. Park Ave.
Charlotte, NC 28203

Ladas & Perry
224 S. Michigan Ave., Ste. 1600
Chicago, IL 60604

Neal, Gerber & Eisenberg
2 North LaSalle St., Ste. 1700
Chicago, IL 60602

Novus IP
521 W. Superior, Ste. 221
Chicago, IL 60654

Robert Marini
7110 W. 127th St.
Chicago, IL 60643

Sara Sawtelle
11987 Bergamot Drive
Granger, IN 46530

The Karlin Law Firm
4305 N. Lincoln Ave., Suite I
Chicago, IL 60618

US Bank
Bankruptcy/Recovery Dept.
PO Box 5229
Cincinnati, OH 45201

Velazquez Law Group
111 N. Wabash, Ste. 2118
Chicago, IL 60602

Access One
820 W. Jackson Blvd., 6th Floor
Chicago, IL 60607

Cisco Webex LLC
3979 Freedom Cir #100
Santa Clara, CA 95054

Inmov8tek
409 Illinois Ave., Ste. 1D
Sugar Grove, IL 60554

Karen Bucccola
8518 Kedvale Ave
Skokie, IL 60076

Megapath
PO Box 120324
Dallas, TX 75312

Pitney Bowes
PO Box 371887
Pittsburgh, PA 15250

SKO Learning
PO Box 1521
Ann Arbor, MI 48106

Terrance Mohoruk
159 York Road
Dundas ON., L9H 1M6
CANADA

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEARNING ENHANCEMENT | ) | Case No. 16-35537 |
| CORPORATION, ET AL. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Honorable Jack B. Schmetterer |
| Debtors.[1] | ) | |
| | ) | |

**APPLICATION FOR ORDER AUTHORIZING THE DEBTORS TO RETAIN AND
EMPLOY THE SKUTCH ARLOW GROUP LLC AS CRO**

The above-captioned debtors and debtors in possession (the "*Debtors*") in the above-captioned chapter 11 cases (the "*Chapter 11 Cases*"), hereby file their application (the "*Application*") for entry of an order under section 327(a) and 328 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), authorizing the retention and employment of The Skutch Arlow Group, LLC ("*Skutch*") as chief restructuring officer ("*CRO*") to the Debtors *nunc pro tunc* to November 7, 2016.  In support of this Application, the Debtors submit the Affidavit of Josh Arlow (the "*Arlow Affidavit*"), which is attached hereto as <u>Exhibit A</u>, and further represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Learning Enhancement Corporation (8197) and (ii) The BrainWare Company (6181).

**BACKGROUND**

3. On November 7, 2016 (the "*Petition Date*"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

4. The Debtors maintain possession of their property and are operating and managing their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. Prior to the Petition Date, the Debtors chose to retain Skutch as their CRO in order to run the businesses during the proposed sale process and to market the businesses in an effort to maximize value and creditor recoveries.

**RELIEF REQUESTED**

6. By this Application, the Debtors seek to employ and retain Skutch as their CRO, effective as of the Petition Date. Accordingly, the Debtors respectfully request that the Court enter an Order in the form attached hereto, pursuant to sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014(a), authorizing the Debtors to employ and retain Skutch as their CRO to perform restructuring and managerial services that will be necessary during these cases.

7. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors requests that the Court approve the retention of Skutch on the terms and conditions set forth herein and in the Arlow Affidavit, which provide that Skutch will be compensated in the amount of $20,000 as well as normal reimbursement policies for necessary expenses incurred. Skutch understands that (a) it must first file an application with the Court in order to apply post-petition amounts due and (b) that its total compensation will still be subject to section 330 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

8. The Debtors have selected Skutch as its CRO because of the firm's diverse and extensive experience in chapter 11 cases. Accordingly, the Debtors submit that Skutch possesses the requisite expertise and background to represent the Debtors in these bankruptcy cases.

## SERVICES TO BE RENDERED

9. The Debtors anticipates that Skutch may render the following services in these cases:

   a) Review and analysis of the Debtors' financial condition and the circumstances leading up to the current financial distress, current plan, and operating metrics as a basis, in part, for evaluating the value of the sale, potential for increasing bid amounts, and other issues related to recovery for unsecured creditors;

   b) Preparation of a cash collateral budget;

   c) Oversight and supervision of the Debtors' finances, including cash flow, receipts, and disbursements;

   d) Coordinating, implementing, and managing the marketing and sale process for the sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code;

   e) Performing other services related to maximizing the value of the Debtors' estates.

10. The Debtors believes that Skutch's services are necessary to enable the Debtors to assess and monitor the efforts of the Debtors and its professionals to maximize the value of the estate. Further, Skutch is well-qualified and able to represent the Debtors in a cost-effective, efficient, and timely manner.

## PROPOSED COMPENSATION

11. Pursuant to section 328(a) of the Bankruptcy Code, the Court may approve Skutch's retention on any reasonable terms. The Debtors submit that the most reasonable terms and conditions are those agreed upon by Skutch and the Debtors. Subject to the Court's approval, Skutch will charge a flat fee of $20,000 for its advisory services.

12. The Debtors' secured lender, JZA Holdings, Inc. has agreed to a carve-out (the "*Carve-Out*") in the aggregate amount of $30,000 for all Debtor professionals (the "*Carve-Out*").

13. The customary hourly rates, subject to periodic adjustments, charged by Skutch's professionals and paraprofessionals anticipated to be assigned to these cases, are as follows:

| Professional Level | Standard Billing Rates (hourly) |
|---|---|
| Principals | $425 |
| Associates | $295 |
| Support Staff | No charge |

14. Skutch will charge, subject to the Court's approval, only for those expenses incurred in the course of the marketing and sale of the Debtor's assets (such expenses are excluded from the flat-fee arrangement described above). Skutch will charge for these expenses in a manner and at rates consistent with charges made generally to Skutch's other clients. Skutch will make every effort to minimize expenses in these cases.

15. Skutch will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the advisory services described above by category and nature of the services rendered.

16. The Debtors understand that Skutch intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, further orders of this Court and the guidelines established by the Office of the United States Trustee for all services performed and expenses incurred on or after the Petition Date.

17. The Debtors request that all advisory fees and related costs of services rendered by Skutch in these Cases be paid as administrative expenses of the Debtors' estates in accordance with the Bankruptcy Code and applicable orders entered in these cases.

## DISINTERESTEDNESS

18. To the best of the Debtors' knowledge, and except as disclosed in the Arlow Affidavit, Skutch does not hold or represent any interest adverse to the Debtors or their creditors.

19. Skutch has no agreement with any other entity to share any compensation received. Accordingly, Skutch is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code, and Skutch's employment is necessary and in the best interests of the Debtors.

## RETROACTIVE RELIEF

20. The Debtors are requesting that this Application be approved retroactively to November 7, 2016 – the Petition Date. "The Seventh Circuit is one of those courts which has held that under proper circumstances, the 'equitable aspects of bankruptcy proceedings permit the court to retroactively approve the employment' of professionals who rendered services for a Debtors even absent strict compliance with § 327." *Gowan v. Lefkas Gen. Partners No. 1017 (In re Lefkas Gen. Partners No. 1017)*, 153 B.R. 804, 808 (N.D. Ill. 1993) (citations omitted). Here, this Application is being submitted within one week of the Petition Date. The Debtors submit that retroactive approval of Skutch's retention is appropriate under the circumstances because of: (1) the short duration of time between the retention of Skutch and the filing of this Application and (2) the need for Skutch's services immediately after its retention by the Debtors.

# NOTICE

21.    Pursuant to Bankruptcy Rule 2014(a), notice of a retention application need only be served on the Office of the United States Trustee.  *See* 9 COLLIER ON BANKRUPTCY § 2014.02, at 2014-4 (15th ed. rev. 2003) ("The [retention] application must be filed with the clerk of the court, and in cases other than those under chapter 9, served upon the United States trustee"). Nonetheless, notice of this Application has been sent to: (a) JZA Holdings, Inc., the Debtors' secured lender; (b) the U.S. Trustee; (c) the Debtors' top twenty creditors; and (d) all parties that have filed appearances and requested service of papers filed in this case.

**WHEREFORE**, the Debtors respectfully request that the Court: (a) authorize the Debtors, pursuant to sections 327 and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ Skutch in accordance with the terms hereof, retroactive to November 7, 2016; and (b) grant such other and further relief as the Court deems just and proper.

Dated:  November 14, 2016

Respectfully submitted,

**LEARNING ENHANCEMENT CORPORATION, ET AL.**

By:    /s/ Matthew E. McClintock

Matthew E. McClintock, Esq.
Sean P. Williams, Esq.
**GOLDSTEIN & MCCLINTOCK LLLP**
208 South LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
e-mail: mattm@goldmclaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*