UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEARNING ENHANCEMENT | ) Case No. 16-35537 |
| CORPORATION, ET AL. | ) (Joint Administration Requested) |
| | ) |
| | ) Honorable Jack B. Schmetterer |
| Debtors.[1] | ) |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING; (II) SCHEDULING A FINAL HEARING; AND (III) APPROVING NOTICE PROCEDURES

Upon the motion (the "*Motion*") of the above-captioned debtors (collectively, the "*Debtors*"), pursuant to sections 105, 361, and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*"); Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"); and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*"), requesting entry of interim and final orders (i) authorizing the Debtors to obtain postpetition secured financing, (ii) scheduling a final hearing, and (iii) approving notice procedures, and the Court having reviewed and considered the Motion and the proffer of evidence, and a hearing to consider approval of the Motion on an interim basis having been held and concluded on November 21, 2016, (the "*Interim Hearing*"), in accordance with section 364 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-2, and upon all of the pleadings filed with the Court,

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Learning Enhancement Corporation (8197) and (ii) The BrainWare Company (6181).

and after due deliberation and consideration and good and sufficient cause appearing therefor, THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

A. <u>Filing of Petitions</u>. On November 7, 2016 (the "*Petition Date*"), Learning Enhancement Corporation ("*LEC*") and The Brainware Company ("*Brainware*," and collectively with LEC, the "*Debtors*") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*").

B. <u>Jurisdiction; Core Proceeding; Venue</u>. This Court has jurisdiction over the Chapter 11 Cases, this proceeding, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. <u>DIP Loan</u>. Subject to, among other things, the entry of this Interim Order and the other conditions precedent set forth in the Loan Documents, JZA Holdings, Inc. (the "*DIP Lender*") is willing to provide a debtor-in-possession loan (the "*DIP Loan*") to the Debtors pursuant to the terms of the Promissory Note dated November 10, 2016 (the "*Note*") and the Security Agreement dated November 10, 2016 (the "*Security Agreement*," and collectively with the Note, the "*Loan Documents*"). Unless otherwise specified, all capitalized terms relating to the terms of the Loan Documents used without definition shall have the respective meanings given such terms in the Loan Documents. In the event of any conflict between the terms and provisions of this Interim Order and the Loan Documents, the terms and provisions of this Interim Order shall control.

D. <u>No Other Sources of Funds</u>. Due to the Debtors' financial condition, and after diligent efforts to obtain postpetition financing from other financial institutions, the Debtors are unable to obtain postpetition financing in the form of unsecured credit allowable as an

administrative expense under § 503(b)(1) of the Bankruptcy Code or unsecured credit allowable under §§ 364(a) and 364(b).

E. <u>Cause Shown</u>. Good cause has been shown for the entry of this Interim Order. Among other things, entry of this Interim Order will minimize disruption of the Debtors' businesses as going concerns, will preserve and maintain the assets of their estates while the Debtors market their assets leading up to a sale, and will avoid immediate and irreparable harm to, and is in the best interests of, the Debtors, their creditors, and their estates.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. <u>Authorization to Borrow</u>. The Motion is granted in accordance with the terms of this Interim Order. The Debtors are authorized to enter into the Loan Documents and to borrow money and perform their obligations thereunder (the "*DIP Obligations*") in accordance with the terms thereof, and any such documents shall be incorporated as part of this Interim Order and shall be deemed binding on and enforceable against the Debtors, their estates, and their respective successors and assigns.

2. The Debtors are hereby authorized to borrow thereunder up to an aggregate principal amount of $2,395, all in accordance with the terms of this Interim Order, the attached Budget (as defined below), and the Loan Documents.

3. <u>Security for DIP Obligations</u>. The DIP Obligations shall be secured by, and the DIP Lender is hereby granted pursuant to §§ 364(c) of the Bankruptcy Code, second priority liens on all LEC Collateral (as that term is defined in the Security Agreement) subject only to the Fifth Third Liens. The DIP Obligations shall be secured by, and the DIP Lender is hereby granted pursuant to §§ 364(c) of the Bankruptcy Code, first priority liens on all BrainWare Collateral (as that term is defined in the Security Agreement). Nothing herein shall be construed to divest any of

3

the Debtors of control over the exercise or non-exercise of the rights or powers under the Bankruptcy Code that may give rise to recoveries under Avoidance Actions.

4. <u>Perfection of New Liens</u>. All liens and security interests on or in the Collateral granted to the DIP Lender by this Interim Order and the Loan Documents shall be, and they hereby are, deemed duly perfected and recorded under all applicable federal or state or other laws as of the date hereof, and no notice, filing, mortgage recordation, possession, further order, landlord or warehousemen lien waivers, or other act, shall be required to effect such perfection; provided, however, that notwithstanding the provisions of section 362 of the Bankruptcy Code, the DIP Lender may, at its sole option, file or record or cause the Debtors to execute, file, or record such UCC financing statements, notices of liens and security interests, mortgages, and other similar documents or obtain landlord or warehousemen lien waivers or other third party consents as the DIP Lender may require. The DIP Lender may (in its discretion) but shall not be required to file a certified copy of this Interim Order in any filing or recording office in any county or other jurisdiction in which any of the Debtors has real or personal property, and such filing or recording shall be accepted and shall constitute further evidence of perfection of the DIP Lender's interests in the DIP Collateral.

5. <u>Carve-Out</u>. The DIP Lender's liens on and security interests in the DIP Collateral and any administrative claims the DIP Lender may be entitled to under the Bankruptcy Code or Loan Documents, and the Fifth Third Liens (as detailed in the Security Agreement) held by the DIP Lender shall be subject only to (a) the payment of any unpaid fees payable pursuant to 23 U.S.C. § 1930 and any unpaid fees payable to the Clerk of this Court or the United States Trustee, and (b) up to $30,000 for fees and expenses incurred by Goldstein & McClintock LLLP and Skutch Arlow Group, LLC (collectively, the "*Debtor Professionals*"). The amounts set forth

in clauses 5(a) and (b) above are collectively referred to as the "*Carve-Out.*" Notwithstanding the foregoing, the Debtors shall be permitted to pay administrative expenses of the kind specified in 11 U.S.C. §§ 330 and 331, as the same may be due and payable, and the same shall not reduce the Carve-Out.

6.  Budget; Use of Loan; and Collateral Proceeds. The DIP Lender has reviewed and approved the budget attached as Exhibit A to this Order setting forth by line item all projected cash disbursements for the proceeds of the DIP Loan (the "*Initial Approved Budget*"). The aggregate of all items approved by the DIP Lender in the Initial Approved Budget, as same may be amended with the written consent of the DIP Lender, and any and all supplemental approved budgets, if any, shall constitute the "*Approved Budget.*" To the extent not previously paid by the Debtors, the Debtors are authorized to pay accrued but unpaid amounts in the Approved Budget related to prior weekly periods in subsequent weekly periods.

7.  Order Binding on Successors. The provisions of this Interim Order shall be binding upon and inure to the benefit the DIP Lender, the Debtors, and the Debtor Professionals, and their respective successors and assigns (including any trustee or other estate representative appointed as a representative of the Debtors' estates or of any estate in any successor case). Except as otherwise explicitly set forth in this Interim Order, no third parties are intended to be or shall be deemed to be third party beneficiaries of this Interim Order or the Loan Documents.

8.  Safe Harbor. The Court has considered and determined the matters addressed herein pursuant to its powers under the Bankruptcy Code, including the power to authorize the Debtors to obtain credit on the terms and conditions upon which the Debtors and the DIP Lender have agreed. Thus, each of such terms and conditions constitutes a part of the authorization under

section 364, and is, therefore, subject to the protections contained in section 364(e) of the Bankruptcy Code.

9.  **Subsequent Hearing and Entry of Final Order.** The hearing to consider entry of a Final Order before this Court is set for 10:30 a.m. on ~~November 29,~~ Dec 6th 2016 (the "*Final Hearing*"). The Debtors shall serve by first-class mail or CM/ECF service, within three (3) business days of entry of the Interim Order by the Court, a copy of the Interim Order to consider entry of the Final Order on the date established by the Court to the parties that received notice of the Motion.

10. **Objections Overruled.** Except to the extent specifically set forth herein, all objections to the entry of this Interim Order are hereby overruled.

11. **Order Effective.** This Interim Order shall be effective as of the date of signature by the Court. This Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

IT IS SO ORDERED.

Dated: November __, 2016

NOV 2 1 2016

ENTERED:

_____
United States Bankruptcy Judge

**THE BRAINWARE COMPANY**
**CASE #16-BK-35539 NORTHERN DISTRICT OF IL**
**13-WEEK CASH BUDGET**
**PREPARED BY THE SKUTCH ARLOW GROUP, LLC**
**NOVEMBER 16, 2016**

| | Week Ended: 11/26/16 | 12 |
|---|---|---|
| **RECEIPTS** | | |
| Sales | $ - | $ |
| DIP Loan Funding | 2,395 | |
| Sale Proceeds | - | |
| Total Receipts | $ 2,395 | $ |
| **DISBURSEMENTS** | | |
| Rent | - | |
| Utilities | - | |
| Phone & Internet | - | |
| Cell Phone | - | |
| Server Hosting & Maintenance | 870 | |
| Customer Service Manager | 1,450 | |
| Professional Fees - Accounting | - | |
| Office Supplies | 50 | |
| Postage & Shipping | 25 | |
| Business Development / Marketing | - | |
| Commissions | - | |
| Merchant Account Fees | - | |
| Events Not Anticipated | - | |
| §363 Sale Marketing Expenses | - | |
| Bankruptcy Counsel | - | |
| Chief Restructuring Officer | - | |
| US Trustee Fees | - | |
| Total Disbursements | 2,395 | |
| Net Receipts & Disbursements | $ - | $ |
| Cash Balance at Start | 200 | |
| Ending Cash Balance | $ 200 | $ |